**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DESIGN BY GRACE34, LLC**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:25-cv-76-TBM-RPM**

**GRAVES CONSTRUCTION GROUP
SERVICES, INC.**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Preincorporation contracts are contracts entered into by a corporation's promoter before the corporation comes into existence. But the mere formation of a corporate entity does not immediately make a corporation a party to a preincoporation contract. In contract law, a corporation is not the party to a preincorporation contract unless the corporation adopts or ratifies that contract.

Design by Grace34, which did not begin its corporate existence until March 2024, argues that it is the real party in interest to this suit, which results from the breach of an October 2022 contract it claims to have with Graves Construction Group Services, Inc. But Design by Grace34 offers no evidence of its adoption or ratification of the contract. As a result, the parties dispute the identity of the real party in interest: Design by Grace34, or Anthony Toney, Design by Grace34's sole member and promoter who entered into contracts on Design by Grace34's behalf before its corporate existence.

This Court finds that Anthony Toney is the real party in interest due to Design by Grace34's failure to ratify or adopt the at-issue preincorporation contract. Accordingly, Design by Grace34 shall move for substitution of Anthony Toney as the real party in interest to this case. Further, because the contract contains a binding arbitration provision, and because it has now been

ascertained that Anthony Toney is a party to that contract, this case will be stayed pending arbitration following the substitution of Toney as the real party in interest.

## I. BACKGROUND AND PROCEDURAL HISTORY

Design by Grace34 is a Mississippi limited liability company that came into existence[1] on March 4, 2024.[2] But in October 2022, Design by Grace34, through its promoter (Anthony Toney), entered into a subcontract agreement with Graves Construction Group Services, Inc., a California corporation. Per the subcontract agreement ("the agreement" or "the contract"), Design by Grace34 was to perform interior work during the construction of a Planet Fitness in Laurel, Mississippi. The agreement, on its face, is between Design by Grace34 and Graves Construction. And the contract is signed by Toney, Design by Grace34's sole member, on Design by Grace34's behalf.

Under the agreement, Graves Construction would pay Design by Grace34 $139,830.00 for their work. But the agreement also provides for add-ons and changes, explaining that "[a]ll change orders, adjustments and claims for extra work shall be in writing and signed both by Subcontractor and Graves, and shall become a part of the Subcontract and the Contract Price shall be adjusted accordingly." [1-2], p. 2. In addition, the contract also contains an arbitration clause, which reads:

> All claims disputes and other matters in question arising out of, relating to, this Contract shall be settled by binding arbitration heard by a single arbitrator to take

---

[1] Under Mississippi law, a limited liability company is "formed or organized through a filing with the state under a state limited liability company statute." 6 Encyclopedia of Mississippi Law § 49.1 (Jeffrey Jackson & Mary Miller eds., 2011). A Mississippi LLC is formed upon the filing of a Certificate of Formation with the Secretary of State. MISS. CODE ANN. § 79-29-201.

[2] Under Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). The Court can therefore take judicial notice of records contained on the Mississippi Secretary of State's website. *See Gibson v. Fed. Express Corp.*, 2025 WL 45185, at *3 (S.D. Miss. Feb. 10, 2025) (citing *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015)). The Mississippi Secretary of State's website indicates that Design by Grace34 was created on March 4, 2024, so the Court will take judicial notice of that fact.

place in Orange County, California, in accordance with the Construction Industry
Arbitration Rules of the American Arbitration Association then in force. The award
rendered by the arbitrator shall set forth his or her findings and the judgment upon
it shall be entered into any court having jurisdiction.

[1-2], pps. 3-4.

Design by Grace34 claims that, in addition to the work originally contemplated by the agreement, they completed add-ons from October 2022 to January 2023, and then again from October 2023 to December 2023. Design by Grace34 avers that all add-ons were approved by Graves Construction, that Graves Construction repeatedly assured Design by Grace34 that complete payment would be made for the add-ons, and that Graves Construction has failed to pay $132,227.92 for the add-ons.

As a result of the outstanding balance, Design by Grace34 has now filed suit in this Court, arguing, among other claims, breach of contract and violation of Mississippi's Prompt Pay Act. In response, Graves Construction has filed the at-issue Motion to Dismiss, primarily arguing that Design by Grace34 lacks standing to bring its claims because it did not exist at the time of contracting. Alternatively, Graves Construction claims the Motion to Dismiss should be granted under a Rule 12(b)(6) standard because "it is impossible for [Design by Grace34] to have privity in contract with Graves[.]" [5], p. 6. Finally, as a fall-back argument, Graves Construction asserts that, if the case is not dismissed, it should be stayed pending arbitration based on an arbitration clause contained in the agreement. Design by Grace34 claims that the only problem is that of real party in interest, which can be cured through substitution rather than jurisdictional dismissal. The Court will address each argument below.

## II. STANDARD OF REVIEW

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). Because the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). When a Rule 12(b)(1) motion is filed alongside other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.*

Next, the pleading standards for a Rule 12(b)(6) motion to dismiss stem from Rule 8, which provides that a pleading stating a claim for relief must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Fifth Circuit has explained the *Iqbal/Twombly* standard as: "For a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged. The factual allegations must be 'enough to raise a right to relief above the speculative

level.'" *Oceanic Expl. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 570).

The Court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "The issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

Finally, "the Fifth Circuit has never discussed the appropriate standard for a district court to apply when considering a motion to stay or compel arbitration." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, No. Civ. A. 09-4169, 2010 WL 148292, at *3 (E.D. La. Jan. 11, 2010). But "[t]he majority of other circuits apply a summary judgment-like standard, giving deference to the claims of the non-movant." *Id.* (citing *Clutts v. Dillard's, Inc.*, 484 F. Supp. 2d 1222, 1224 (D. Kan. 2007)); *see also Grant v. House of Blues New Orleans Rest. Corp.*, No. Civ. A. 10-3161, 2011 WL 1596207, at *2-4 (E.D. La. Apr. 27, 2011) (collecting cases using summary judgment standard on motion to compel arbitration). "The courts that use the summary judgment standard of [Federal Rule of Civil Procedure] 56 have found it appropriate because the district court's order compelling arbitration is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." *Grant*, 2011 WL 1596207, at *3 (citations omitted); *see* 9 U.S.C. § 4 (explaining that a district court should not order arbitration unless it is "satisfied that the making of [an] arbitration agreement . . . is not in issue.").

### III. DISCUSSION

**A. Standing and Real Party in Interest**

Graves Construction first argues that Design by Grace34 does not have Article III standing to bring suit because Design by Grace34 "did not exist when the allegations in the Complaint

occurred[.]" [5], p. 3. Design by Grace34, however, claims that this standing argument is miscast. *See* [7], p. 2. Specifically, Design by Grace34 says, "this is not a true 'standing' issue; rather, the question is who the real party in interest is . . . [under] Rule 17." *Id.*

"Frequently, attorneys and courts confuse the concepts of standing with that of capacity to sue and with the real party in interest principle." *In re Unger & Assocs., Inc.*, 292 B.R. 545, 550 (Bankr. E.D. Tex. 2003) (citing 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1542 (1990)). This issue is one of real party in interest rather than standing. *See Verizon Bus. Glob. LLC v. Hagan*, Civil Action No. 07-415, 2009 WL 928633, at *2 (E.D. La. Mar. 30, 2009) (finding that the real party in interest question is raised between private parties where a plaintiff's interest is not easily discernible).

The Court's determination of the real party in interest is governed by Rule 17 of the Federal Rules of Civil Procedure. That rule requires that every action "must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Farrell Constr. Co. v. Jefferson Par., La.*, 896 F.2d 136, 140 (5th Cir. 1990). "[A] party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it." *Id.* Thus "a plaintiff generally cannot bring a claim based upon a contract to which it is not a party." *Id.* (finding that plaintiff was not the real party in interest when it was not a contracting party); *see also Damon J. Baldone, LLC v. Starr Surplus Lines Ins. Co.*, Civil Action No. 22-1903, 2026 WL 364530, at *4 (E.D. La. Feb. 10, 2026). The purpose of this provision "is to assure a defendant that a judgment will be final and that res judicata will

protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right." *Farrell*, 896 F.2d at 142.

In identifying the real party in interest here, the Court must examine a corporate entity's, specifically a limited liability company's (LLC), position to a preincorporation contract entered into by the LLC's promoter. *See* 18 Am. Jur. 2d *Corporations* § 96 (2014) ("'[A] 'promoter' is every person acting, by whatever name, in the forming and establishing of a company at any period prior to the company being fully incorporated."). "Because a corporation cannot have agents, contract for itself, or be contracted with prior to its incorporation, it is not liable on any contracts that a promoter makes for its benefit prior to incorporation unless it assumes the obligation by its own act after incorporation[.]" *Id.* § 123; *see also Hansen v. Fields Co., LLC*, 763 S. Ed. 2d 31, 34 (S.C. 2014) (collecting cases applying the rule to a limited liability company). Indeed, "a corporation may become liable for a promoter's [preincorporation] contracts either through expressly ratifying the contract or through implicitly ratifying it by accepting its benefits with full knowledge of its terms." *Hansen*, 763 S. Ed. 2d at 34-35 (citing *Lorillard Tobacco Co. v. Am. Legacy Found.*, 903 A.2d 728, 745 (Del. 2006)); *see also Fortune Furniture Mfg. Co., Inc. v. Mid-South Plastic Fabric Co., Inc.*, 310 So. 2d 725 (Miss. 1975) ("The general rule is that a contract made by promoters with a view towards incorporation will be binding upon the corporation if it accepts the benefits of the contract with full knowledge of the terms of the contract.").

Design by Grace34 is not the real party in interest to this action. The agreement at issue is a preincorporation contract. Indeed, the agreement was entered into in October 2022, but Design by Grace34 did not begin its corporate existence until March 2024. And Anthony Toney, Design by Grace34's sole member whose signature appears on the agreement on behalf of Design by

Grace34, was a promoter. But Design by Grace34 offers no evidence that it adopted or ratified the agreement such that they became a party to the agreement. It "is a rule of law that such contracts of promoters are not binding [on] the corporation unless it receives the benefits thereof, or the contract is adopted by it." *Bank of Forest v. Orgill Bros. & Co.*, 34 So. 325, 325 (Miss. 1903); *see also* 1 Fletcher Cyc. Corp. § 207 ("Thus, while initially not liable for a promoter's contracts, a corporation may become liable for a promoter's preformation contract either through expressly ratifying the contract or through implicitly ratifying it by accepting its benefits with full knowledge of the terms.").

Further, important to note is that Design by Grace34's work under the agreement ended in December 2023, Design by Grace34 was due to receive payment on the agreement from Graves Construction by December 18, 2023, but Design by Grace34 was not formed as a corporate entity until March 2024. *See* [1], pps. 2-3. Accordingly, Design by Grace34 has not accepted any benefits stemming from the agreement following its corporate creation. Again, Design by Grace34 has offered no evidence of ratification or adoption, either express or otherwise. Design by Grace34 cannot bring suit for the breach of a contract to which they were not a party.[3] These claims belong to Toney as the promoter. *See* Fletcher Cyc. Corp. § 215 ("It is a general rule that in absence of an express or implied agreement, promoters are liable on their preincorporation contracts though made on behalf of a corporation to be formed.").

---

[3] Indeed, Design by Grace34 alleges an injury that would be redressable by the Court only if Design by Grace34 had ratified the preincorporation contract, or if Mississippi law recognized Design by Grace34's creation at an earlier date. *See Fortune*, 310 So. 3d at 727 ("It is permissible to make contracts which, if ratified by corporations after they are organized, will bind the corporations."); *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994) ("Mississippi courts recognize that once a corporation adopts a preformation contract that was made by one of its incorporators with a view toward forming the entity, the corporation . . . assumes the incorporator's liability on that contract.").

"Once a district court has decided that an action is not prosecuted by the real party in interest, it must then decide what remedy is appropriate." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006). Rule 17(a)(3) provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FED. R. CIV. P. 17(a)(3). "That unequivocal command indicates that [substitution] is mandatory when timely sought." *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 165 (5th Cir. 2016) (citing 6A Wright & Miller § 1555, at 570 ("A literal interpretation of Rule 17(a)(3) would make it applicable to every case in which an inappropriate plaintiff has been named.")). But the Fifth Circuit has interpreted Rule 17 "in light of the Advisory Committee Notes, which state that this provision was added simply in the interests of justice and is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (quoting FED. R. CIV. P. 17(a) Advisory Committee Notes, 1966 Amendment (internal quotation marks omitted)). So substitution applies when "the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult." *Id.* (collecting cases). Even so, the "judicial gloss" on Rule 17(a)(3) is not meant to detract from the permissive text. *See Magallon*, 453 F.3d at 273. Rather, its goal is to maintain the purpose of Rule 17(a)(3): to avoid "forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought[.]" *Rideau*, 819 F.3d at 166 (citing 6A Wright & Miller § 1555, at 565). But when "the plaintiff has been deceitful, dilatory or strategic in making or failing to correct a Rule 17 issue or makes a mistake on an obvious point, courts have found dismissal

9

warranted." *Damon*, 2026 WL 364359, at *4 (citing *Delor v. Intercosmos Media Grp., Inc.*, 232 F.R.D. 562, 567 (E.D. La. 2005)).

The Court finds that Design by Grace34's failure to bring suit in the name of the real party in interest was the result of an understandable mistake. Indeed, the parties on the face of the contract are Design by Grace34 and Graves Construction. And "[t]here is no hint of strategic manipulation in the record[.]" *In re Whittington*, 530 B.R. 360, 395 (Bankr. W.D. Tex. 2014). Further, the Court finds that substitution of the real party in interest remains practical and convenient. *See Damon*, 2026 WL 364359, at *3. The Court is further persuaded by the instruction that "Rule 17(a) substitution should be liberally granted where 'the change is merely formal and no way alters the original complaint's factual allegations as to the events or the participants.'" *Id.* (citing *Verizon*, 2009 WL 928633, at *2). Such is the case here. Indeed, the factual allegations, whether they apply to Toney—Design by Grace34's sole member— or the corporate entity of Design by Grace34 itself, center on the same contract, alleged breach, construction project, and parties. The Court finds that substitution, rather than the severe sanction of dismissal, is appropriate in this case. *See Asset Funding Grp., LLC v. Adams & Reese, LLP*, Civ. Action No. 07-2965, 2009 WL 799752, at *4 (E.D. La. Mar. 23, 2009) ("Cases in which the court has chosen dismissal over joinder or ratification have found lack of understandable mistake because of deliberate, and often deceitful or at least self-serving, actions of the plaintiff.").

Because Design by Grace34 is not the real party in interest to this action, the Court will allow Design by Grace34 to move for substitution of Anthony Toney as the real party in interest. Design by Grace34 shall have twenty (20) days from the entry of this Order to move for substitution of Toney as the real party in interest.

10

**B. Arbitration**

Despite Design by Grace34's request, the Court cannot stay this case pending arbitration without first substituting the real party in interest to the contract. *See United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960) ("[A]rbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). Even still, Design by Grace34 argues that the Court should decline to compel arbitration because it "performed work that was not under the Agreement,"[4] and because "the arbitration clause is unconscionable." [7], pps. 1-2. The Court finds both arguments lacking in merit. Accordingly, following the substitution of Toney as the real party in interest, the Court will stay this case pending arbitration.

The Federal Arbitration Act (FAA) "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Farmers Rice Milling Co., LLC v. Certain Underwriters at Lloyd's London*, 627 F. Supp. 3d 568, 577 (M.D. La. 2022) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985)). Indeed, the FAA "expresses a strong national policy favoring arbitration of disputes, and

---

[4] The Court finds no merit to this argument. To be sure, the breach of contract claims in Design by Grace34's Complaint focus on the breach of this agreement. *See* [1], p. 3 ("By virtue of its failure to pay [Design by Grace34] for the labor and materials and add-ons provided for the Project, Graves breached Sections 5 (Payment) and 11 (Changes) of the Agreement."). While Design by Grace34 claims that it completed additional work after a period of demobilization "under a new agreement with Graves," Design by Grace34 does not offer any factual explanation regarding this alleged new agreement. [1], p. 2. Indeed, absent from any of Design by Grace34's pleadings are the terms of this new agreement. But even if a new agreement were executed, that may very well be incorporated and become a part of the original agreement. *See* [1-2], pps. 1-2 ("All change orders, adjustments, and claims for extra work shall be in writing and signed both by Subcontractor and Graves, and shall become a part of the Subcontract and the Contract Price will be adjusted accordingly."). Design by Grace34's claims focus squarely on the at-issue agreement and its alleged breach. *See* [1], para. 20 ("As a direct and proximate result of Grave's breach of the Agreement, [Design by Grace34] has suffered damages in the amount of $132,227.92.").

all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002). Courts conduct a bifurcated inquiry to determine whether parties should be compelled to arbitrate a dispute. *Id.* First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims non-arbitrable. *Id.*

Further, the purpose of the FAA is to give arbitration agreements the same force and effect as other contracts—no more and no less. 9 U.S.C. § 2. *See Pennzoil Expl. and Production Co. v. Ramco Energy Ltd.*, 139 F.3d 061, 1064 (5th Cir. 1998) ("Arbitration is a matter of contract between the parties.").[5]

The Court finds that, on the face of the contract, the parties agreed to arbitrate the dispute. But the issue offered by Design by Grace34 is that the provision is unconscionable, rendering the claims unarbitrable. Under Mississippi law, a contract can be unconscionable in one of two ways: procedurally and/or substantively. *Russell v. Performance Toyota, Inc.*, 826 So. 2d 719, 725 (Miss.

---

[5] "[I]n determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement." *Washington Mut. Finance Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)). The contract at issue does not contain a choice of law provision. *See* [1-2]. Without an effective contractual choice, the law of the state with the most significant relationship to the dispute should apply. *See* Restatement (Second) of Conflicts of Law § 188 (1971); *see also TV-3, Inc. v. Royal Ins. Co. of Am.*, 28 F. Supp. 2d 407, 419 (E.D. Tex. 1998). In determining the state with the most significant relationship to the dispute, the following factors are taken into account: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. Restatement (Second) of Conflicts of Law § 188. These factors point to the application of Mississippi substantive law. While the contract was technically entered into California, and Graves Construction is from California, the construction project took place in Mississippi, the subject matter of the contract is in Mississippi, and both Design by Grace34 and Anthony Toney are domiciled in Mississippi. *See* [1-2], p. 1 ("THIS AGREEMENT ('Subcontractor') is entered into at Foothill Ranch, CA by and between Graves Construction Group Services, Inc. ('Graves') and DESIGN BY GRACE ('Subcontractor') with respect to the project located at 129 Leontyne Price Blvd, Laurel, MS 39440[.]").

2002).[6] The issue here is one of substantive unconscionability because Design by Grace34 says it is unfair for a Mississippi citizen to litigate in California. *See* [7], p. 2; *cf. Russell*, 826 So. 2d at 725 (finding that a procedural unconscionability argument is "an attack on the formation of the contract generally, not an attack on the arbitration clause itself."). "Substantive unconscionability is proven by oppressive contract terms such that there is a one-sided agreement whereby one party is deprived of all the benefits of the agreement." *Terrell v. Regions Bank*, 518 F. Supp. 3d 935, 942 (N.D. Miss. 2021) (quotations omitted). "The terms of a substantively unconscionable contract are so unreasonably favorable to one party that the contract imposes oppressive terms on the weaker party." *LABG, LLC v. Total Merch. Servs., Inc.*, 284 So. 3d 720, 727 (Miss. 2019). Indeed, an "unconscionable contract affronts the sense of decency." *Smith v. Express Check Advance of Miss., LLC*, 153, So. 3d 601, 607 (Miss. 2014). If, however, both parties are guaranteed the same rights by an arbitration agreement, the agreement is not substantively unconscionable. *United Credit Corp. v. Hubbard*, 905 So. 2d 1176, 1179 (Miss. 2004). The party opposing arbitration bears the burden of proving that the provision is unconscionable. *Smith*, 153 So. 3d at 606.

The Court does not find the arbitration clause unconscionable. As an initial matter, Design by Grace34 has failed to meet their burden to prove unconscionability. Regardless, the Court does not find that the terms of this arbitration provision "affront[] the sense of decency." *Smith*, 153 So. 3d at 607. For example, the governing rules of this arbitration note that "regardless of claim size, the parties may agree to waive in-person hearings and resolve the dispute through submissions of

---

[6] The Court notes that Design by Grace34 cites *Bowles v. OneMain Fin. Grp., LLC*, 954 F.3d 722, 727 (5th Cir. 2020) to support the proposition that Mississippi case law does not distinguish between procedural and substantive unconscionability. *See* [7], 2. But *Bowles* also expressly notes that, "[a]pplying Mississippi law to an arbitration challenge, this court has likewise categorized *both* procedural and substantive unconscionability challenges to contract enforcement[.]" *Bowles*, 954 F.3d at 727. Still, this stand-alone quotation used by Design by Grace34 is insufficient to meet their burden to show unconscionability.

documents to the arbitrator," and the prevailing party can recover attorney's fees.[7] Am. Arb. Ass'n Construction Industry Arbitration Rules and Mediation Procedures, D-1 (2024); *see also* [1-2], pps. 3-4 ("[T]his contract shall be settled by binding arbitration . . . in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in force."). And "the Fast Track Procedures [of the Construction Industry Arbitration Rules] shall apply in any case involving no more than two parties in which no disclosed claim or counterclaim exceeds $150,000." Am. Arb. Ass'n, Construction Industry Arbitration Rules and Mediation Procedures, R-1(b) (2024). Such is the case here. Under these Fast Track Rules, "[t]he hearing should not exceed one day." *Id.* at F-10. So Design by Grace34's concern about requiring "a small subcontractor to participate in arbitration across the country in California" may very well be mitigated. [7], p. 2. As a result, the Court finds that the arbitration clause is conscionable and enforceable.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Design by Grace34 shall move for substitution of Anthony Toney as the real party in interest within twenty (20) days of the entry of this Order.

IT IS FURTHER ORDERED AND ADJUDGED that the [4] Motion to Dismiss, or in the Alternative, Stay Proceedings, is GRANTED IN PART and DENIED IN PART. Following substitution of Anthony Toney as the real party in interest, this case shall be stayed pending arbitration.

---

[7] *See* [1-2], para. 10 ("If either party . . . initiates arbitration proceeding to enforce or interpret the terms of this Subcontract, the prevailing party shall be entitled to recover reasonable attorney's fees and costs as part of the judgment or arbitration award.").

15

SO ORDERED AND ADJUDGED, this the 3rd day of August, 2026.

                                              **TAYLOR B. McNEEL**
                                              **UNITED STATES DISTRICT JUDGE**